THE STATE OF MARYLAND *vs.* THOMAS C. BIXLER,
alias THOMAS LEPSTINE.

*Indictment for Perjury—Judicial character of Proceeding
before Officers of Registration—Defective indictment for
Swearing falsely before an Officer of Registration—Meaning
of "Infamous crime," as used in section 2, of Article 1, of
the Constitution—How offence charged in an Indictment
must be stated.*

In an indictment for perjury under the statute, (Art. 30, sec. 155, of
the Code,) it is sufficient to charge that the traverser swore " wil-
fully, knowingly, maliciously and falsely." It is not necessary to
aver that he swore " corruptly."

The Legislature having devolved upon the officers of registration, as
well as the judges of election, the duty of exercising judgment in
the discharge of their functions, their office is in its nature judi-
cial; and the proceeding before the officer of registration is *quasi*
judicial.

An indictment charging that the traverser, in answer to the question-
ing of an officer of registration, had falsely sworn that he had not
been convicted of an infamous crime, and had not been pardoned
by the Governor of the State, is defective in not sufficiently aver-
ring the offence of perjury. It should have averred that the accused
was convict of some specific crime which was " infamous," and
which subjected him to the constitutional disability of ever voting
in the State, and to the punishment for perjury for having falsely
denied the same on oath.

The statement of the offence charged in an indictment, must be clear,
distinct and exact, so that the accused may be fully informed of
what he is charged with, and wherein his conduct has been sup-
posed to be indictable, so that he may be able to refute it if he can.

The Constitution in providing for the exclusion from suffrage of any
person convicted of an " infamous crime," must be understood to
have intended, by the language used, such crimes as were " infam-
ous " at common law, and are described as such in common law
authorities.

State *vs.* Bixler, *alias* Lepstine.

APPEAL as upon Writ of Error, from the Circuit Court for Carroll County.

The case is stated in the opinion of the Court.

The cause was submitted to ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, IRVING, and RITCHIE, J.

*D. N. Henning, State's Attorney,* and *Charles B. Roberts, Attorney General,* for the appellant.

*Charles T. Reifsnider,* and *Charles E. Fink,* for the appellee.

IRVING, J., delivered the opinion of the Court.

The appellee having been indicted in the Circuit Court for Carroll County, for perjury, demurred to the indictment, and his demurrer having been sustained, and judgment thereon having been given for his discharge, the State has brought the case to this Court by writ of error.

Two grounds of error have been assigned in the petition for the writ, which are as follows, in substance :

1st. That the Court held the omission of the word "corruptly" from the indictment in charging the offence, was fatal; whereas the State insists, that it was unnecessary, as the language used fully imported that the offence was "corruptly" committed.

2nd. In that the Court held, that the indictment in alleging the offence, charged a conclusion of law, without sufficiently designating wherein the accused had committed perjury, whereas the State contends the indictment is not obnoxious to this criticism. After alleging the official character of the registration officer and his duty; and the application of the accused for registration as a voter; and that the accused made oath that he would true answer make to all questions propounded by the registration offi-

cer necessary to the ascertainment of his qualifications to be registered as a qualified voter, the indictment proceeds to make the charge in the following language, viz., "and the said Thomas C. Bixler having been then, to wit, on the day and year last aforesaid, there so sworn to such questioning as aforesaid, by said officer of registration, and in answer to such questioning as aforesaid by the said officer of registration, did then, to wit, on the day and year last aforesaid, there *wilfully, knowingly, maliciously, and falsely* say, depose, swear and represent on his oath aforesaid to the said officer of registration, among other things, in substance and to the effect that he had never been convicted of an infamous crime in said State, and not pardoned by the Governor of said State, and that he, the said Thomas C. Bixler had never been convicted of a crime, and served his sentence therefor in the Maryland penitentiary house in said State without having been pardoned for said crime by the Governor of said State; whereas, in truth and in fact, the said Thomas C. Bixler, before the day and year last aforesaid had been convicted of an infamous crime in said State, and had not been pardoned by the Governor of the said State therefor, and had been convicted of a crime in the said State, and had served out his sentence therefor in the penitentiary house of said State, and had not been pardoned by the Governor therefor; as he the said Bixler on the day and year last aforesaid, then well knew, and so the jurors aforesaid, upon their oath aforesaid, do say, that the said Thomas C. Bixler, on the day and year last aforesaid, before the said officer of registration, who, then and there had competent power and authority to administer said oath to said Thomas C. Bixler, did in manner and form aforesaid, commit wilful and corrupt perjury," &c., concluding "contrary to the form of the Act of Assembly in such case made and provided."

The first ground of error assigned, consists in the omission from the description of the oath, the word "corruptly"

whereas, it is only charged that the prisoner swore "wilfully, knowingly, maliciously and falsely." We are of opinion that these words necessarily involve "corruptly."

It cannot have been made wilfully, knowingly, maliciously and falsely without being *corruptly* done; and it is with that view, that the act in the winding up of the indictment is characterized as "wilful and corrupt perjury."

The indictment is not at common law, but under the statute; and the statute declares, "an affirmation or oath if made *wilfully* and *falsely* in any of the following cases, shall be deemed perjury; first in all cases where false swearing would be perjury at common law; secondly in all affidavits required by law to be taken" &c. *Code, Art.* 30, *sec.* 155. It is the "wilfully and *falsely*" swearing to an untruth in any of the instances mentioned in the statute, which it defines as perjury and subjects to punishment as such. As the allegation, in that regard, is made in the words of the statute, it is sufficient. 1 *Wharton Am. Cr. Law, sec.* 364; *State vs. Elborne,* 27 *Md.,* 488; *Cearfoss vs. The State,* 42 *Md.,* 406; *Parkinson vs. The State,* 14 *Md.,* 198. For the decision of this point, it is immaterial to determine under which of the classes named in the statute, this offence falls. It is only necessary to inquire whether it is made as the statute requires, and we think it was sufficiently characterized. It is not out of place, however, for us to say in respect to that question that inasmuch as the Legislature has devolved upon the officers of registration, as well as the judges of election, the duty of exercising judgment in the discharge of their functions, their office is, under the decision of this Court in *Bevan vs. Hoffman,* 18 *Md.,* 479, *and Friend vs. Hammill,* 34 *Md.,* 314, in its nature judicial; and the proceeding before the officer of registration is a *quasi* judicial proceeding; hence, the case may very properly fall under the first class designated in the statute.

The defendant in error contends, that inasmuch as section 35, of the Act of 1882, chapter 22, provides, that

fraudulently procuring registration as a voter, shall be a misdemeanor punishable by fine not exceeding five hundred dollars, or imprisonment not exceeding three years, or by both, and as it is hard to imagine such fraudulent procurement without a false oath being made, that this Act must be held to take the offence contemplated by this Act from out of the operation of the law defining and punishing perjury; and, that *now*, technical perjury cannot be committed in this way.   The argument is enforced by the suggestion that otherwise a man might be punished twice under different indictments nominally for a different offence, but in fact for one and the same act.   Of course a man must not be allowed to be punished twice for the same act, but charged in different form.   Justice forbids this, and requires, that the Act of 1882, be so construed and administered as to prevent it.   The State may elect how to proceed, and under which law.   When a *conviction* is had, after such election, that conviction ought to be pleadable in bar of another prosecution, although it was being made in different form and under another name.   It is conceivable, however, that the fraud might be so practised as to be punishable as a misdemeanor under this Act, when it would be hard to charge and establish a technical perjury; this consideration and the entire absence of any language in this Act indicating a purpose to repeal the 155th section, of Article 30, so far as perjury committed in registering as a voter is concerned, prevents us from sustaining the view of the defendant in error as to the construction of the Act, which is urged as a full answer to this prosecution.

After the most careful consideration of the question involved in the second suggestion of error, we think the Circuit Court was entirely right in ruling the demurrer good.

It is a general rule that the special matter of the whole fact should be set forth in the indictment with such cer-

State *vs.* Bixler, *alias* Lepstine.

tainty, that the offence may judicially appear to the Court. 1 *Wharton's Cr. L., sec.* 285. And as it must contain a specific description of the offence, it is not good if it only state a conclusion of law. *Ib., sec.* 288. The statement of the offence must be clear, distinct, and exact, so that the accused may be fully informed of what he is charged with, and wherein his conduct has been supposed to be indictable, so that he may be able to refute it if he can. This is the accepted law of this State. This Court said in *Maguire vs. The State,* 47 *Md.,* 486, that the indictment must contain every fact which was necessary to be proved to justify the infliction of the punishment to be inflicted; and that this was the well settled rule.

Examining this indictment in the light of these principles, we find that the defendant in error is charged with having sworn that he had not been "convicted of an *infamous* crime and not been pardoned by the Governor." This is the language of Art. 1, section 2, of the Constitution in stating a positive disqualification from ever voting in the State, of any person who is in such a situation of moral turpitude. It being alleged that he had sworn in the language of the Constitution, which uses technical language in the description, it was necessary in charging that statement to amount to perjury, to aver the conviction of some specific crime which was "*infamous*," and did subject the offender to the constitutional disability on the one hand, and to the punishment for perjury on the other, for having falsely denied the same on oath. The statement that the defendant in error had been convicted of *an infamous crime,* and had not been pardoned by the Governor, is followed with the averment that he had been convicted of *a crime* and *been sentenced to the penitentiary,* and had served his time therefor, without being pardoned by the Governor. Evidently it was in the mind of the pleader that *any crime* which was punishable by confinement in the penitentiary, was an *infamous* crime within

the meaning of the Constitution, and that if the defendant had been so convicted and sentenced to the penitentiary, and had not been pardoned by the Governor, that then the charge of perjury was fully made out; and if that were so, there would be better reason for holding the indictment good, though still it might admit of doubt, whether the name of the crime, and time and place of conviction were not necessary to put the accused in possession of enough information to prepare for defence, but this we do not decide. An "infamous crime" is such crime as involved moral turpitude, or such as rendered the offender incompetent as a witness in Court, upon the theory that a person would not commit so heinous a crime unless he was so depraved as to be unworthy of credit. 1 *Abbott's Law Dic.*, 602, and authorities there cited. The General Court of this State in 2 *H. & McH.*, 378, defined "infamous crime" to be one which rises at least to "the grade of felony." This is, however too narrow, for perjury is a misdemeanor, but by all authority is "infamous." The Constitution in providing for exclusion from suffrage of persons whose character was too bad to be permitted to vote, could only have intended, by the language used, such crimes as were "infamous" at common law, and are described as such in common law authorities. In the interest of citizenship and its incidental rights, the Constitution must be understood as confining the exclusion from suffrage, to such cases as fall under the common law understanding of the term, and not to include any offences of lower grade. Larceny is mentioned, and then follow the words "other *infamous* crime." It must be a *felony*, which larceny is, or that which is *infamous* though it be not a felony. There are many misdemeanors punishable by confinement in the penitentiary, which clearly are not "infamous crimes" within the meaning of the common law or of the Constitution. If for example, the prisoner has been convicted of any of the assaults with intent, mentioned and

punished by the Code, and had been sentenced to the penitentiary and served his time out there, without being pardoned by the Governor, he would not be chargeable with having committed an "infamous crime." The allegation, therefore, in the indictment that he had been convicted of an infamous crime, is a conclusion of law which, is not mended by the succeeding allegation that he had been convicted " of a crime and had been sentenced to the penitentiary and served his time therein ;" for this latter allegation may be met with proof of a conviction which is not infamous. There was therefore no such averment as gave the prisoner such notice as he was entitled to. It was expressly decided by this Court in *Deckard vs. State*, 38 *Md.*, 202, that the Statute of 23 Geo. II, chapter 11, is in force in this State, and its provisions are approved. By that Statute, whilst it would not be necessary to set out the record of such conviction, it is necessary to make " such averment or averments as are necessary to falsify the matter or matters wherein the perjury or perjuries is or are assigned." *Alex. Brit. St.*, 766. Unless therefore the averment which is made does fully falsify the statements alleged to be made on oath by the defendant in error, the indictment cannot be good, and the demurrer was properly sustained.

*Judgment affirmed.*

(Decided 19th June, 1884.)