COUSINS *v.* STATE

[No. 63, September Term, 1962.]

*Decided November 6, 1962.*

The cause was argued before BRUNE, C. J., and HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

*Thomas B. Eastman* for appellant.

*Robert C. Murphy, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell, State's Attorney* and *Abraham L. Adler, Assistant State's Attorney* on the brief, for appellee.

HAMMOND, J., delivered the opinion of the Court.

Appellant tells us that his conviction for receiving stolen goods should be set aside because there was received in evidence to his prejudice the facts that he had been convicted of murder and robbery in 1921 and of larceny in 1934, and be-

cause the evidence was insufficient to permit the trial judge, hearing the case without a jury, properly to find guilt. We find that both claims must be rejected.

Appellant, over the objection of his counsel that the prior convictions had no bearing "on the crime in question now," testified on cross-examination that he had been convicted in 1921 of murder and robbery and had served a number of years of his sentence, and that soon after his release had been convicted of larceny in 1934. In overruling the objections Judge Manley explained that "* * * it helps me determine, if he has been convicted previously, whether I want to believe him or not," and that the only purpose of the questions as to earlier convictions was "to reflect on his credibility as a witness" and that "it has nothing to do with his guilt or innocence." Appellant now argues that the previous convictions were too remote in time and that in admitting them the trial judge abused his discretion and was materially influenced by his knowledge of them in finding a verdict of guilty.

Code (1957), Art. 35, Sec. 10, provides that "In all cases it shall be competent for any of the parties to the proceedings to prove * * * the conviction of such witness of any infamous crime." No limit on the time of such conviction is set by the statute. Murder, robbery and larceny are all infamous crimes in Maryland. *State v. Bixler,* 62 Md. 354; *Garitee v. Bond,* 102 Md. 379.

It has been held by this Court that evidence of the accused's previous conviction of crime need not be restricted to infamous crimes or those involving moral turpitude, provided the violation of law may have some tendency to show that the person charged is not to be believed under oath. *Taylor v. State,* 226 Md. 561; *Linkins v. State,* 202 Md. 212. In such instances the exercise of discretion by the trial judge will not be interfered with on appeal unless the fact of the prior conviction is clearly irrelevant. *Nelson v. Seiler,* 154 Md. 63, 69. Where the conviction was for a crime not infamous, the length of time since it occurred considered with the nature of the crime has been deemed pertinent in deciding relevancy. *Burgess v. State,* 161 Md. 162, 170, *et seq.; Simond v. State,* 127 Md. 29, 39. We think that where the prior conviction was for an infamous

crime, evidence of it is admissible without reference to the time of its commission, for such bearing and weight on credibility as the trier of fact may give it under the circumstances.[1]

Appellant complains further that receiving evidence of his convictions for disturbing the peace in 1957 and 1960 was prejudicial error. He made no objection below to the introduction of this evidence and cannot now complain that it came into the case. Maryland Rule 522; *Hyde v. State*, 228 Md. 209, 223.

The record does not show or permit the inference that Judge Manley was influenced in his verdict of guilty by the prior convictions except as they bore on the credibility of the accused. He expressly disclaimed an intent to be otherwise influenced and found appellant's codefendant, whose criminal record also came into evidence, not guilty.

The testimony produced by the State against appellant was fully sufficient to permit the trier of fact to be convinced beyond a reasonable doubt that he was guilty of receiving stolen goods. It was shown that a tool box and two blankets were stolen from the car of a Mr. Dimelow on June 22, 1960, that the same day the box was pawned in the name of one J. Meyers, that appellant had the pawn ticket and sold it to the codefendant Carl Taylor on August 13, 1960, knowing at the time what the box contained, and that when arrested appellant had one of the stolen blankets in his possession. Appellant denied all knowledge of the stolen goods, of the pawn ticket and its sale to Taylor and of knowing anyone named J. Meyers. There was evidence corroborating the sale of the pawn ticket by the

---

1. The Court pointed out in *State v. Bixler*, 62 Md. 354, 360, that "An 'infamous crime' is such crime as involved moral turpitude, or such as rendered the offender incompetent as a witness in Court, upon the theory that a person would not commit so heinous a crime unless he was so depraved as to be unworthy of credit."

In *Garitee v. Bond*, 102 Md. 379, 383, the Court said: "The crimes which the common law regarded as infamous because of their moral turpitude were treason, felony, perjury, forgery and those other offenses, classified generally as *crimen falsi*, which impressed upon their perpetrator such a moral taint that to permit him to testify in legal proceedings would injuriously affect the public administration of justice."

appellant to Taylor and evidence that appellant did know a J. Meyers. There was enough for Judge Manley to have been convinced that appellant, with dishonest intent, received stolen property knowing it to have been stolen. *Lloyd v. State,* 219 Md. 343, 350; *Jordan v. State,* 219 Md. 36; *Weddle v. State,* 228 Md. 98.

*Judgment affirmed.*