485 A.2d 691

**Marvin Nathaniel DUCKETT**

v.

**STATE of Maryland.**

**No. 62, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

Jan. 4, 1985.

Mark Colvin, Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender on brief), Baltimore, for appellant.

Richard B. Rosenblatt, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Baltimore, Stephen J. Braun, State's Atty. for Charles County and Robert Moreland, Asst. State's Atty. for Charles County, LaPlata, on brief), for appellee.

Argued before WEANT, ALPERT and KARWACKI, JJ.

KARWACKI, Judge.

The appellant, Marvin Nathaniel Duckett, was tried by a jury in the Circuit Court for Charles County on charges of assault with intent to maim, assault, and carrying a weapon openly with the intent to injure. The jury acquitted him of assault with intent to maim, but found him guilty of the remaining charges. He seeks reversal of his convictions on the ground that the trial court erred in admitting evidence of his prior conviction of assault and battery to impeach the credibility of his testimony.

At the trial it was undisputed that outside a bar in Brandywine, Maryland in the early morning hours of March 27, 1983, the appellant shot Charles Savoy in his legs. Yet

the circumstances under which the shooting took place were very much in dispute.

The appellant contended that he was being verbally abused by Savoy and Savoy's relatives. The appellant claimed that Savoy was armed with a knife and was known to have previously stabbed his own brother. The appellant testified that he retreated from the advancing Savoy, fired a warning shot, again warned Savoy to stop coming toward him, and only then shot him.

Contrary to the appellant's version of the events, the State presented evidence that the appellant's shooting of Savoy was unprovoked. Clearly, sufficient evidence was presented from which a jury could have found the appellant guilty of an unjustified assault or, alternatively, acquitted him on the ground of self-defense. The jury chose to believe the State's witnesses and to disbelieve the appellant and his witnesses. Manifestly, the appellant's credibility was of utmost importance to his defense.

During cross-examination the appellant was asked whether he had been previously convicted of assault and battery since his 18th birthday while being represented by an attorney. Defense counsel's objection to this inquiry was summarily overruled. The appellant responded that he "took a plea bargain" and, in fact, did plead guilty to assault and battery.

In *Burrell v. State*, 42 Md.App. 130, 399 A.2d 1354 (1979) this Court thoroughly reviewed the Maryland law governing the admission of evidence to impeach a witness through a showing of his criminal record. That survey will not be repeated here, but we will summarize the conclusions of the *Burrell* Court:

1. The credibility of a witness is always a relevant issue in any case, civil or criminal;

2. When a defendant in a criminal case elects to testify in his own defense, he subjects himself to the same rules of cross-examination that govern other witnesses;

3. Evidence of a witness' prior conviction of an *infamous*[1] crime is always admissible to impeach his credibility regardless of the age of that conviction.[2] Md.Code (1974, 1984 Repl.Vol.), § 10–905 of the Courts and Judicial Proceedings Article;[3]

4. The admissibility of evidence of a witness' prior conviction of a *non-infamous* crime is left to the sound discretion of the trial judge who must consider the nature of the crime and the length of time since it occurred in determining the relevance of the conviction to the witness' credibility.

Judge Wilner in speaking for the *Burrell* Court noted that throughout the country, in the Federal and State Courts as well as in the Congress and the State legislatures, the traditional rules governing the use of prior convictions to impeach witnesses generally, and criminal defendants in particular, have been under reevaluation. *Id.*, 42 Md.App. at 147, 399 A.2d 1354. The modern trend clearly points to a more limited use of such evidence. This is especially true where the defendant in a criminal case is the witness under cross-examination. There a greater potential exists that the evidence will be misused by the trier of fact as indicative of

---

1. The accepted definition of "infamous" appears in *Garitee v. Bond,* 102 Md. 379, 383, 62 A. 631 (1905), thus:

 The crimes which the common law regarded as infamous because of their moral turpitude were treason, felony, perjury, forgery and those other offenses, classified generally as *crimen falsi,* which impressed upon their perpetrator such a moral taint that to permit him to testify in legal proceedings would injuriously affect the public administration of justice.

2. See also *Kirby v. State,* 48 Md.App. 205, 426 A.2d 423 (1981).

3. Section 10–905 states in pertinent part:

 (a) *In general.*—Evidence is admissible to prove the interest of a witness in any proceeding, or the fact of his conviction of an infamous crime. Evidence of conviction is not admissible if an appeal is pending, or the time for an appeal has not expired, or the conviction has been reversed, and there has been no retrial or reconviction.

the defendant's predisposition to commit the crime for which he is on trial. As Judge Wilner stated:

> When dealing with a mere witness—someone other than the defendant himself—it is not so difficult for the trier of fact to consider evidence of prior convictions solely in the context of the credibility of the witness. Indeed, such evidence, in most cases, would have no other function. When it is the *defendant's* criminal history that is being inquired into, however, there is a more pervasive potential for prejudice that must be considered—that which is likely to emanate from advising the trier of fact that the very person standing in judgment before it is already a convicted criminal. And that prejudice looms especially large when the earlier crime is similar to that for which he is currently in jeopardy.

*Burrell,* 42 Md.App. at 136, 399 A.2d 1354 (emphasis in original).

In *Burrell,* we concluded that the trial judge had not abused his discretion in admitting a five year old assault conviction to impeach the credibility of a defendant in that criminal case. In doing so we relied on a long line of decisions of the Court of Appeals as well as this Court. *Balto. & Ohio R. Co. v. Strube,* 111 Md. 119, 73 A. 697 (1909); *Burgess v. State,* 161 Md. 162, 155 A. 153 (1931); *Linkens v. State,* 202 Md. 212, 96 A.2d 246 (1953); *Taylor v. State,* 226 Md. 561, 174 A.2d 573 (1961); *Huber v. State,* 2 Md.App. 245, 234 A.2d 264 (1967); *Stewart v. State,* 4 Md.App. 565, 244 A.2d 452 (1968); *Cook v. State,* 8 Md.App. 243, 259 A.2d 326 (1969); *Thomas v. State,* 29 Md.App. 45, 349 A.2d 384 (1975).

Two years later the Court of Appeals decided *Ricketts v. State,* 291 Md. 701, 436 A.2d 906 (1981). Reversing this Court, the Court of Appeals there held that the trial court erred in permitting the defendant who testified in his own defense to be cross-examined with regard to a three year old conviction for indecent exposure. The Court of Appeals decided that indecent exposure (like the crime of assault and battery dealt with in *Burrell, supra,* and the instant

case,) did not meet the definition of *infamous* within § 10–905 of the Courts and Judicial Proceedings Article, *supra*. Having concluded that indecent exposure was not an infamous crime, Judge Cole speaking for the *Ricketts* court reasoned:

> This leaves one possible category of offenses within which indecent exposure may yet fit, i.e., the lesser violations which affect credibility. We need not pause long here as our previous discussion covers most of the relevant ground.
>
> As we said before, *Cousins* [*v. State*, 230 Md. 2, 185 A.2d 488 (1962)] mandates that we take at least two factors into consideration; length of time and nature of the offense. The length of time involved here is three years. We have held longer periods to be insufficient to vitiate the import of a particular crime and do not consider this length of time significant enough to be dispositive.
>
> At the very heart of our determination of this matter, however, is the kinds of conduct which give rise to this offense. *We believe that whether the crime sought to be used to impeach describes with sufficient specificity the conduct reflecting on the defendant's credibility is another factor to be weighed by the trial court. If the crime is so ill-defined that it causes the factfinder to speculate as to what conduct is impacting on the defendant's credibility, it should be excluded. Stated differently, since the issue is always the truth of the witness, where there is no way to determine whether a crime affects the defendant's testimony simply by the name of the crime that crime should be inadmissible for purposes of impeachment.* It is clear to us that the introduction of a prior conviction for indecent exposure sheds no light on what it is the defendant has done and hence it is beyond the ken of any factfinder to assess what, if any, impact such conviction has upon the defendant's veracity.

. . . . .

We hold, therefore, that, for purposes of impeachment, indecent exposure is not an infamous crime, a crime of moral turpitude, a felony, nor a crime involving dishonesty or deceit. Further, we hold, it is a lesser crime for which the proscribed conduct includes such a wide variety of behavior that the factfinder would be unable to make a reasoned judgment as to whether the offense affects the defendant's credibility; it is inadmissible for purposes of impeachment. Under the circumstances of the instant case, where the defendant was on trial for sex related offenses, the prejudicial effect of its admission, though impossible to gauge, could have been significant and, therefore, constitutes reversible error.

*Ricketts*, 291 Md. at 713–14, 436 A.2d 906 (emphasis added).

We interpret this opinion of the Court of Appeals as a significant departure from the earlier decisions governing the use of prior convictions of non-infamous crimes to impeach the credibility of a defendant who testifies in his own defense in a criminal case. (cf. dissent of Chief Judge Murphy in *Ricketts*, 291 Md. at 714, 436 A.2d 906.) Trial judges presented with evidence of a defendant's prior conviction of a non-infamous crime have now been directed flatly to reject the evidence unless the *name* of the crime tends to show that a person convicted of such an offense is not to be believed under oath.

 We perceive no difference between the crime of indecent exposure and assault and battery in this context. As we observed in *Woods v. State,* 14 Md.App. 627, 632, 288 A.2d 215 (1972), there is no single crime in Maryland of *assault and battery.* Where that term is used to describe a single offense it must be understood "as meaning, more precisely, 'battery, with its included assault.'" *Id.,* 14 Md.App. at 631, 288 A.2d 215. The crime of battery in this State covers a wide range of criminal activity ranging from the mere unpermitted touching of another to the injury of another person with a weapon. Gilbert & Moylan, *Maryland Criminal Law,* § 3.0–3.3 (1983). Therefore, the name

of the offense for which the appellant had been convicted shed no light upon his credibility. The jury in the instant case could not have been aided in determining the appellant's credibility by the knowledge of his prior conviction of assault and battery. We therefore hold that evidence of that prior conviction of the appellant was irrelevant and inadmissible. Further, we conclude that since the appellant was defending charges of assaultive type crimes, the close correlation between his prior conviction of assault and battery and the crimes for which he was standing trial rendered the admission of evidence of such prior conviction reversible error.

JUDGMENT REVERSED AND CASE REMANDED FOR A NEW TRIAL. COSTS TO BE PAID BY CHARLES COUNTY.