510 A.2d 1094

**James Henry WATSON**

v.

**STATE of Maryland.**

**No. 1185, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

July 7, 1986.

Certiorari Granted Nov. 10, 1986.

Mark Colvin, Asst. Public Defender (Alan H. Murrell, Public Defender, on brief), Baltimore, for appellant.

Richard B. Rosenblatt, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, Andrew L. Sonner, State's Atty. for Montgomery County and Jack Hanly, Asst. State's Atty. for Montgomery County, on brief, Rockville), for appellee.

Argued before WILNER, BISHOP and ROBERT M. BELL, JJ.

BISHOP, Judge.

A jury in the Circuit Court for Montgomery County convicted appellant James Henry Watson of first degree rape, second degree rape, assault with intent to rape, and battery. The court sentenced appellant to life imprisonment on the first degree rape count and reserved sentencing as to the other counts. Appellant raises the following issue:

Did the trial court err in allowing evidence of appellant's prior attempted rape conviction to be admitted for impeachment purposes?[1]

Pretrial, appellant sought a ruling on the admissibility, for impeachment purposes, of his 1982 conviction in Virginia for attempted rape. The trial judge ruled that rape was an infamous crime, and that since he had no discretion to rule otherwise, the attempted rape conviction was admissible under Md.Cts. & Jud.Proc.Code Ann.,

---

1. At oral argument, appellant withdrew the sentencing issue presented in his brief.

§ 10–905.[2] The trial judge emphatically stated that if he had discretion in the matter he would not have admitted the prior attempted rape conviction because the prejudicial impact of the evidence would outweigh its probative value. During trial, at the close of the direct examination of appellant, consistent with his pretrial ruling, the trial judge ruled that the attempted rape conviction was admissible for impeachment purposes. In his cross-examination of appellant, the prosecutor did elicit the fact of the Virginia conviction.[3]

Appellant argues that attempted rape is not an infamous crime and therefore not admissible under § 10–905, and that even if it is an infamous crime, the trial court could have invoked its discretion to exclude the evidence. In *Duckett v. State,* 61 Md.App. 151, 485 A.2d 691, *aff'd,* 306 Md. 503, 510 A.2d 253, (1985), opinion issued June 26, 1986, this Court summarized the Maryland law prior to *Ricketts v. State,* 291 Md. 701, 436 A.2d 906 (1981) as to admission of evidence of prior convictions to impeach a defendant:

1. The credibility of a witness is always a relevant issue in any case, civil or criminal;

2. When a defendant in a criminal case elects to testify in his own defense, he subjects himself to the same

---

**2.** Section 10–905 states in pertinent part:

(a) *In general.* Evidence is admissible to prove the interest of a witness in any proceeding, or the fact of his conviction of an infamous crime. Evidence of conviction is not admissible if an appeal is pending, or the time for an appeal has not expired, or the conviction has been reversed, and there has been no retrial or reconviction.

**3.** Although there was no objection when appellant was actually asked about the prior attempted rape conviction, in view of the extensive arguments, both pretrial and at the end of the direct examination of appellee, and the proximity of the latter to the asking of the question, we shall treat the point as preserved. *See Standifur v. State,* 64 Md.App. 570, 580–81, 497 A.2d 1164, *cert. granted,* 305 Md. 175, 501 A.2d 1323 (1986).

rules of cross-examination that govern other witnesses;

3. Evidence of a witness' prior conviction of an *infamous* crime is always admissible to impeach his credibility regardless of the age of that conviction. Md. Code (1974, 1984 Repl.Vol.), § 10–905 of the Courts and Judicial Proceedings Article;

4. The admissibility of evidence of a witness' prior conviction of a *non-infamous* crime is left to the sound discretion of the trial judge who must consider the nature of the crime and length of time since it occurred in determining the relevance of the conviction to the witness' credibility.[4]

61 Md.App. at 153–54, 485 A.2d 691 (*citing Burrell v. State*, 42 Md.App. 130, 399 A.2d 1354 (1979)) (footnotes omitted) (emphasis in original). *See also Cason v. State*, 66 Md.App. 757, 773–74, 505 A.2d 919 (1986); *Kirby v. State*, 48 Md. App. 205, 207, 426 A.2d 423, *cert. denied*, 291 Md. 777 (1981). *Duckett* then recognized that the Court in *Ricketts* had narrowed the latter category, which consists of non-infamous offenses, to those which the name of the crime tends to show the person convicted of such an offense should not be believed under oath. 61 Md.App. at 157, 485 A.2d 691. In affirming *Duckett*, the Court of Appeals restated the *Ricketts'* analyses as to both infamous and non-infamous crimes. See 306 Md. at 506–510, 510 A.2d 254–257.

---

**4.** Beyond *Ricketts,* this statement is subject to various exceptions based upon statutory provisions or cases which provide that certain crimes are not admissible, based upon either their relative insignificance in assessing credibility, *see e.g., Lowery v. State,* 292 Md. 2, 437 A.2d 193 (1981) (possession of barbituates); *Nesbit v. Cumberland Contracting Co.,* 196 Md. 36, 39–44, 75 A.2d 339 (1950) (minor traffic violations), or upon procedural factors. *See, e.g., VonLusch v. State,* 279 Md. 255, 259, 368 A.2d 468 (1977) (conviction which is constitutionally infirm); *Westfall v. State,* 243 Md. 413, 423, 221 A.2d 646 (1966) (certain juvenile convictions); Md.Cts. & Jud.Proc.Code Ann., § 10–905(a) (conviction pending appeal or where the time for noting an appeal has not expired).

■ Here, we are concerned only with the category of offenses which is defined as infamous crimes. In *Cason* we stated:

> While evidence of a prior conviction for an *infamous* crime is always admissible to impeach credibility, [*Ricketts*] 291 Md. at 706 [436 A.2d 906]; Md. Courts and Judicial Proceedings Code Ann. § 10–905, "[t]he admissibility of evidence of a witness' prior conviction of a *non-infamous* crime is left to the sound discretion of the trial judge who must consider the nature of the crime and length of the time since it occurred in determining the relevance of the conviction to the witness' credibility."[5]

66 Md.App. at 774, 505 A.2d 919 (*citing Duckett*, 61 Md. App. at 154, 485 A.2d 691) (emphasis in original). We interpret the phrase "always admissible" as used in *Cason* and *Duckett* to mean that where infamous crimes are involved the trial court has no discretion to exclude the evidence of the prior crime when introduced for impeachment purposes. The trial court was therefore correct in ruling that if attempted rape is an infamous crime under § 10–905, it had no discretion to prevent admission of the fact of that conviction for impeachment purposes.

This Court has recognized the trend in other jurisdictions restricting prior conviction evidence used to impeach criminal defendants. *See Duckett*, 61 Md.App. at 154–55, 485 A.2d 691; *Kirby*, 48 Md.App. at 209, 211–12, 426 A.2d 423; *Burell*, 42 Md.App. at 135–54, 399 A.2d 1354. Nonetheless, § 10–905 has withstood constitutional attacks based upon due process grounds. *See Nance v. State*, 7 Md.App. 433, 442–44, 256 A.2d 377 (1969), *cert. denied*, 256 Md. 747, 398 U.S. 954, 90 S.Ct. 1881, 26 L.Ed.2d 296 (1970) (involving the essentially identical 1965 version of § 10–905, Md.Ann.Code, art. 35, § 10).

The issue which remains to be resolved is whether appellant's Virginia attempted rape conviction constitutes an

---

5. This statement must be read considering the limitations set out in *Ricketts* and *Duckett* and in note 4, *supra*.

"infamous" crime under § 10–905. This Court has had occasion to analyze the effect of foreign convictions in applying Maryland statutory provisions in the context of the enhanced punishment statute. The enhanced punishment statute, Md.Ann.Code, art. 27, § 643B, allows imposition of a mandatory life sentence upon a third conviction of a "crime of violence" as defined by the statute. In evaluating whether foreign convictions are "crimes of violence" as required by the statute, a two step process has evolved. First, we determine whether the Maryland counterpart to the foreign crime is one of those classified in the statute as a "crime of violence." *See DiBartolomeo v. State*, 61 Md.App. 302, 312–13, 486 A.2d 256 (1985); *Mitchell v. State*, 56 Md.App. 162, 183–84, 467 A.2d 522 (1983). Once it is determined that the counterpart Maryland offense is among those set out in the statute, we then look to the law of the foreign jurisdiction for its definition of that crime. If the elements of the crime as established by the foreign jurisdiction are sufficiently limited to those elements by which the crime is established in this State, it qualifies as a violent crime under our statute. *Temoney v. State*, 290 Md. 251, 262–64, 429 A.2d 1018 (1981); *DiBartolomeo*, 61 Md.App. at 312–13, 486 A.2d 256. If the crime meets both classification and definition requirements, it may be used for the purposes of applying the enhanced punishment statute. We believe the same reasoning may be applied to the issue in this case.

■ Section 10–905 allows, for purposes of impeachment, the admission into evidence of "infamous" crimes as defined by Maryland law. First, we must determine what Maryland offense is counterpart to the Virginia crime of attempted rape. Second, we shall decide whether the counterpart Maryland offense is an infamous crime. If the counterpart Maryland offense is an infamous crime, then we must examine the Virginia offense to determine if its elements are sufficiently limited to those elements by which the crime is established in this State. If so, the foreign offense is an infamous crime for purposes of applying § 10–905.

The Maryland crimes of attempted rape and assault with intent to rape could be embodied within the crime of attempted rape in Virginia. In Maryland, attempted rape, a common law misdemeanor, requires an intent to rape and any step towards completion of the offense. *See Hines v. State*, 58 Md.App. 637, 666, 473 A.2d 1335 (1984); *Christensen v. State*, 33 Md.App. 635, 639–40, 365 A.2d 562 (1976). A person convicted of attempted first degree rape in Maryland can be sentenced to life imprisonment, the maximum sentence for first degree rape. *See* Md.Ann.Code, art. 27, § 644A. *See also Walker v. State*, 53 Md.App. 171, 187, 452 A.2d 1234, *cert. denied*, 296 Md. 63 (1983). Assault with intent to rape in Maryland is defined as a felony, *see* Md.Ann.Code, art. 27, § 12, and requires an intent to rape combined with assaultive behavior. *Christensen*, 33 Md. App. at 639–40, 365 A.2d 562. The crime of assault with intent to rape is punishable by a prison sentence between two and fifteen years. Md.Ann.Code, art. 27, § 12.

In Virginia, attempted rape requires an intent to commit rape and a "direct, ineffectual act" done towards its commission which must "reach far enough towards accomplishment of the desired result to amount to the commencement of consummation." *Chittum v. Commonwealth*, 211 Va. 12, 174 S.E.2d 779, 781 (1970); *Barrett v. Commonwealth*, 210 Va. 153, 169 S.E.2d 449, 451 (1969); *Ingram v. Commonwealth*, 192 Va. 794, 66 S.E.2d 846, 851 (1951). Attempted rape is classified as a Class 4 felony in Virginia, carrying a potential sentence of ten years imprisonment. Va.Code, § 18.2–10(d). Virginia does not have a separate offense labeled assault with intent to rape, and consequently many of the attempted rape cases embody some form of assaultive behavior. *See, e.g., Fisher v. Commonwealth*, 228 Va. 296, 321 S.E.2d 202, 203 (1984) (testimony that defendant attempted to penetrate twelve year old victim sufficient to support conviction of attempted rape); *Green v. Commonwealth*, 223 Va. 706, 292 S.E.2d 605, 608–09 (1982) (attempted rape conviction supported by sufficient evidence where defendant grabbed victim's arms, pushed

her down on bed, tore off her clothes, and got on top of her); *Chittum,* 211 Va. 12, 174 S.E.2d at 781–82 (attempted rape conviction supported by sufficient evidence where defendant threatened victim with gun, instructed her to lie down, stated that he would be gentle, and was unzipping his pants while pursuing victim as she attempted to escape); *Durrette v. Commonwealth,* 201 Va. 735, 113 S.E.2d 842, 844–45 (1960) (attempted rape conviction supported by sufficient evidence where defendant hit victim with rock, grabbed victim, and later confessed that he had intended to have sexual relations); *Ingram,* 192 Va. 794, 66 S.E.2d 846, 851 (1951) (defendant's violent attack on victim dressed in night clothes sufficient to support attempted rape conviction).

Virginia case law, however, does indicate that assaultive behavior is not a necessary element of attempted rape in Virginia, and therefore, as in Maryland, threats alone could sustain a conviction of attempted rape.[6] *Ingram,* 192 Va. 794, 66 S.E.2d at 849 (reviewing prior cases holding evidence insufficient to support attempted rape convictions, indicating that "use of force or threats" would be sufficient); *Jordan v. Commonwealth,* 181 Va. 490, 25 S.E.2d 249, 250 (1943) (defendant's entering victim's room and telling her "what he wanted and what he was going to have" alone would have been sufficient to sustain attempted rape conviction); *Gillispie v. Commonwealth,* 180 Va. 300, 23 S.E.2d 146, 147 (1942) (evidence insufficient to support attempted rape conviction, testimony "bare of any threats of violence"). *But see Day v. Commonwealth,* 187 Va. 457, 47 S.E.2d 362, 363 (1948) (defendant should not be convicted of attempted rape unless ... he made an assault with intent to rape, conviction reversed, prosecutrix's testimony incredible). The Maryland crime of attempted rape requires intent and a step towards completion and is the

---

**6.** If assaultive behavior were an element of the crime of attempted rape in Virginia, the Maryland equivalent would seem to be assault with intent to rape.

counterpart to the Virginia offense of attempted rape which minimally requires intent and an act towards "commencement of consummation."

Here to determine whether the Maryland offense of attempted rape is an infamous crime, we must apply the definition of "infamous crimes" as developed by Maryland case law. *Ricketts* quoted two definitions from prior case law:

In 1884 this Court explained in *State v. Bixler*, 62 Md. 354, 360 (1884) that at common law "[a]n 'infamous crime' is such crime as involved moral turpitude, or such as rendered the offender incompetent as a witness in court, upon the theory that a person would not commit so heinous a crime unless he was so depraved as to be unworthy of credit." In *Garitee v. Bond*, 102 Md. 379, 383, 62 A.2d 631 [62 A. 631] (1905) we further elaborated:

The crimes which the common law regarded as infamous because of their moral turpitude were treason, felony, perjury, forgery and those other offenses, classified generally as *crimen falsi*, which impressed upon their perpetrator such a moral taint that to permit him to testify in legal proceedings would injuriously affect the public administration of justice.

291 Md. at 706–07, 436 A.2d 906. *See also State v. Duckett*, 306 Md. at 506–507, 510 A.2d 255. The *Ricketts* Court then went on to analyze the definition of "infamous" crime in the context of the crime of indecent exposure:

The point we stress is that an indecent exposure conviction, without more, says little about the conduct for which the person was convicted. Because the offense requires only a general intent, the gamut of offenses and circumstances that fall within the ambit of the crime are so widely varied that, while one person may indeed have shown a moral depravity sufficient to impact upon his credibility, another may have committed a very minor infraction indicative of nothing more than momentary poor judgment perhaps dictated by necessity. The intent

required for the crime does not require the accused to have performed a flagrant act damnable as an affront to decency and social norms but encompasses acts committed where the accused was unaware that his or her lack of apparel would be noticed.

It is this vagueness or uncertainty in the nature of the offense that makes it difficult to classify indecent exposure as infamous or something less. As we have noted, the crimes that are normally associated with the term "infamous because of their moral turpitude [are] treason, felony, perjury, forgery and those other offenses, classified generally as *crimen falsi*," *Garitee v. Bond, supra,* 102 Md. at 383 [62 A. 631]. They leave no doubt as to the type of conduct committed and condemned. The courts, legislature, and society have made the determination that such crimes, because they show such a lack of regard for societal norms and values, are relevant in assessing the credibility of one who has been convicted of those offenses. It is our view that the wide spectrum of conduct and degrees of depravity associated with indecent exposure make it clear that it does not conform with those offenses regarded as infamous. We, therefore, conclude that whatever else it may be, indecent exposure is not an infamous crime.

291 Md. 710–11, 436 A.2d 906.

To facilitate application of the definition of infamous crimes, we shall analyze *Bixler, Garitee* and *Ricketts* and restate the definition. The effect of a conviction of an infamous crime at common law was to disqualify the offender from testifying. *See* 21 Am.Jur. § 25 (1981); 22 C.J.S. § 3 (1961). Today, except in the case of perjury, the offender may still testify, but infamous crimes may be used to impeach that testimony. Three major categories of crimes existed at common law: treason, felonies and misdemeanors. *See* 21 Am.Jur. § 29 (1981); 22 C.J.S. § 5 (1961). Hence, the *Garitee* definition breaks down the definition of infamous crimes into these three categories, and states that treason and all felonies are infamous. We recently indi-

cated in *Gorman v. State*, 67 Md.App. 398, 410, 507 A.2d 1160 (1980) that all felonies are infamous.[7] The rationale of this rule is that offenses which are deemed serious enough to be felonies necessarily impugn a witness's credibility.

*Garitee, Bixler* and *Ricketts* go on to define what misdemeanors are considered infamous crimes. The *Garitee* definition includes perjury and forgery, because these were misdemeanors at common law, *see, Clark & Marshall Crimes*, 7th Ed. § 2.02 at 113–114 (1967), as well as all other misdemeanors classified as "crimen falsi" in the definition of infamous crimes. It is in the defining of misdemeanors that qualify as infamous crimes that courts must struggle to the greatest degree with the case law standard.

■ Therefore, "infamous crimes" as derived from the case law are:

1. All Felonies.
2. Misdemeanors,
   (a) Involving moral turpitude[8] because the offenses encompass such depraved behavior that it necessarily impacts upon credibility, or,
   (b) Categorized as "crimen falsi"[9] because the offense involves deceit or dishonesty.

---

**7.** This includes the felony of manslaughter, even involuntary manslaughter, which clearly appears not to fit the definition of infamous crime and the inclusion of which strains the rationale for the classification of all felonies as infamous crimes.

**8.** Black's Law Dictionary, 5th Ed. (1979) defines "moral turpitude" as follows:
> The act of baseness, vileness, or the depravity in private and social duties which man owes to his fellow man, or to society in general, contrary to accepted and customary rule of right and duty between man and man.

**9.** Black's Law Dictionary, 5th Ed. (1979) defines "crimen falsi" as follows:
> Term generally refers to crimes in the nature of perjury or subornation of perjury, false statement, criminal fraud, embezzlement, false pretense, or any other offense which involves some element of deceitfulness, untruthfulness, or falsification bearing on witness' propensity to testify truthfully.

■ Rape, generally defined as forced sexual intercourse,[10] *see* Md.Ann.Code art. 27, §§ 462 and 463 (1982), is a felony and therefore necessarily an infamous crime. Here, however, we are concerned with attempted rape, which while a felony in Virginia, is not a felony in Maryland. Further, unlike assault with intent to commit rape, attempted rape in Maryland may be established by proving only threats. 33 Md.App. at 640, 365 A.2d 562. The following from *Christensen* is instructive:

> We think it clear from an examination of the elements of assault with intent to rape and attempted rape that, while the purpose to engage in illicit coitus is attendant in each offense, the crimes are different. If an attempt to commit a rape proceeds to a degree where it is tantamount to an assault upon the victim, the offense becomes the felony of assault with intent to rape, but if the attempt to rape falls short of an assault, the offense remains a common law misdemeanor. *Burton v. State*, 8 Ala.App. 295, 62 So. 394 (1913). *See also Taff v. State*, 69 Tex.Crim. 528, 155 S.W. 214 (1913).

33 Md.App. at 640, 365 A.2d 562.

■ Attempted rape, however, does require that the defendant form the intent to commit rape and take a step toward completion of the offense. Forming an intent to commit such a heinous crime, which involves the violation of another human being's person, combined with some act in furtherance of completion of the crime, constitutes a gross violation of societal norms. We hold that since the Mary-

---

10. In Virginia, where appellant's prior offense occurred, rape is statutorily defined as follows:

   Rape.—If any person has sexual intercourse with a female or causes a female to engage in sexual intercourse with any person and such act is accomplished (i) against her will, by force, threat or intimidation, or (ii) through the use of the female's mental incapacity or physical helplessness, or (iii) with a female child under age thirteen as the victim, he or she shall, in the discretion of the court or jury, be punished with confinement in the penitentiary for life or for any term not less than five years.
   Va.Code, § 18.2–61 (1982).

land offense of attempted rape embodies behavior so depraved that it casts a moral taint on the individual sufficient to impact upon his credibility it is an infamous crime.[11] Further, since the Virginia offense of attempted rape minimally requires behavior identical to the Maryland offense, the Virginia offense here at issue qualifies as an infamous crime. The trial court therefore did not err in admitting the attempted rape conviction as an infamous crime under Md. Cts. & Jud.Proc.Code § 10–905.

JUDGMENT AFFIRMED;

COSTS TO BE PAID BY APPELLANT.

---

**11.** Appellant relies on *Dutton v. State*, 123 Md. 373, 380, 91 A. 417 (1914) to support the conclusion that attempted rape is not an infamous crime. In *Dutton* the Court stated that "an assault with intent to commit rape is not a felony and is not even an infamous crime." 123 Md. at 380, 91 A. 417. Appellant reasons that since a greater level of proof is required for assault with intent to rape than for attempted rape, *see Christensen*, 33 Md.App. at 640, 365 A.2d 562, that under *Dutton* attempted rape necessarily is not an infamous crime. The *Dutton* statement that assault with intent to rape was not an infamous crime was based upon the then current statutes which provided that assault with intent to commit rape was not a felony. *See* 123 Md. at 378–80, 91 A. 417. Today assault with intent to rape is a felony, *see Christensen*, 33 Md.App. at 640, 365 A.2d 562, and the *Dutton* analysis is no longer viable.