## BLAKE *v.* STATE

[No. 208, October Term, 1955.]

460

*Decided July 11, 1956.*

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Robert C. Heeney,* with whom was *Robert S. Bourbon* on the brief, for the appellant.

*Stedman Prescott, Jr., Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, Alger Y. Barbee, State's Attorney for Montgomery County,* and *Leonard T. Kardy, Deputy State's Attorney,* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

The appellant was convicted by a jury in the Circuit Court for Montgomery County, on an indictment charging that he "did commit a certain unnatural and perverted sexual practice on an adult male, to wit, Kenneth King * * *." Code (1951), Art. 27, sec. 627, prohibits any person from engaging in certain acts of oral perversion or from "committing any other unnatural or perverted sexual practice with any other person or animal, * * *." There was a motion to dismiss the indictment on the ground that the statute is unconstitutional, but it was stipulated before the hearing that the appellant did not complain that the indictment was not "sufficiently in detail to describe the offense, or that the defendant could not plead *autre fois acquit* in case of any subsequent attempt at prospective prosecution."

The appellant contends that the statute is vague and uncertain and fails to fix an ascertainable standard of guilt.

We find no merit in the contention. Penal statutes should be expressed in language as specific as the subject matter will permit, but it is obviously impossible to define some types of crime by a detailed description of all possible cases that may arise. *State v. Magaha,* 182 Md. 122. The words of a statute must be accorded the meaning naturally given them in ordinary usage. *Glickfield v. State,* 203 Md. 400, 403; *Jones v. State,* 207 Md. 481, 488. It is true that section 627 has not heretofore been attacked on this particular ground, although there have been convictions under it. See *Berger v. State,* 179 Md. 410, and *Haley v. State,* 200 Md. 72. But it would appear that similar statutes in other states have been universally sustained. See *Jaquith v. Commonwealth,* 120 N. E. 2d 189 (Mass.); *State v. Anthony,* 169 P. 2d 587 (Ore.); *State v. Brazell,* 269 P. 884 (Ore.); *People v. Coleman,* 127 P. 2d 309 (Cal. App.); *State v. Farmer,* 148 P. 2d 1002 (Ariz.).

The appellant contends that because the statute begins with a prohibition against "oral" perversion, the words "any other unnatural or perverted sexual practice" must be restricted accordingly, under the rule of *ejusdem generis.* There was no evidence of oral perversion, but there was undisputed testimony of other sexual activities. The rule of *ejusdem generis,* however, is merely a rule of construction, and cannot be invoked to restrict the meaning of words within narrower limits than the statute intends, so as to subvert its obvious purpose. *Smith v. Higinbothom,* 187 Md. 115, 130. See also *Gooch v. United States,* 297 U. S. 124. "Where the particular words exhaust the class, the general words must be construed as embracing something outside of that class." *American Ice Co. v. Fitzhugh,* 128 Md. 382, 388. We find in the language employed a clear legislative intention to cover the whole field of unnatural and perverted sexual practices. We think it was unnecessary to describe in detail practices which are matters of common knowledge. Moreover, the section provides that "in any indictment for the commission of any of the acts, hereby declared to be offenses, it shall not be necessary to set forth the particular unnatural or perverted sexual practice with the commission of which the defendant may be charged,

nor to set forth the particular manner in which said unnatural or perverted sexual practice was committed, * * *." We quote this as an indication that the Legislature had in mind practices other than those in the oral category. We have noted that the stipulation waived any objection on the ground that the indictment was not in sufficient detail to advise the accused of the offense charged. Cf. *Martin v. State,* 203 Md. 66, 77, and *Schanker v. State,* 208 Md. 15, 18. An indictment in substantially the same form, and under a similar statute, was sustained in *Tonker v. United States,* 178 F. 2d 712 (C. A. D. C.). See also *Weldon v. United States,* 183 F. 2d 832 (C. A. D. C.).

The appellant further contends that there was a variance between the indictment and the proof. The prosecuting witness, a feeble-minded boy, nineteen years of age, testified, without objection, that in addition to other sexual practices performed upon him by the accused at the time and place described, there was an act of sodomy. While admitting the former acts, the accused, in his statement to the police, denied the latter. There was no charge of sodomy by that name, which is dealt with in Code (1951), Art. 27, sec. 626, the indictment being for unnatural and perverted sexual practices, forbidden under sec. 627. At the close of the State's case the appellant moved for a directed verdict on the ground "that there is a vital variance between the indictment and the proof as elicited by the State", which was overruled. Thereupon, the appellant produced testimony as to his good character, and at the close of the testimony moved for "a directed verdict of not guilty based on all of the testimony in the case." There was no objection to the court's charge to the jury. We need not here consider whether a variance prayer is permissible at all under Rule 5A of the Criminal Rules of Practice and Procedure, or whether it was waived by the failure to renew it at the close of the case, or whether it was sufficiently specific to preserve the point on appeal. As we have noted, the evidence came in without objection, and there was other evidence legally sufficient to support the conviction. In any event, we think there was no prejudicial error. In 1 *Wharton's Criminal Evidence,* (12th ed.), § 242, p. 556,

464

it is said: "Evidence of the defendant's commission of sexual crimes other than sodomy, upon the same person, has been held admissible, when they were so closely linked to the crime charged as to be part of the same transaction." See also *State v. Weitzel*, 69 P. 2d 958 (Ore.). In *Bryant v. State*, 207 Md. 565, 586, it was said: "If evidence of another crime tends directly to prove the defendant guilty of the crime for which he is being tried, or if the other crime charged is so linked together in point of time or circumstances that one cannot be fully shown without proving the other, regardless of whether the crime incidentally shown is of the same or a different character from the one on trial, the general rule of exclusion does not apply." See also *Mitchell v. State*, 178 Md. 579, 582. Assuming, without deciding, that the testimony as to the crime of sodomy is not within the scope of sec. 627, although it is obviously an unnatural and perverted sexual practice, we think it was so closely linked to the crime charged as to fall within the exception noted, under the circumstances of this case.

*Judgment affirmed, with costs.*