## DANIELS *v.* STATE

[No. 96, September Term, 1964.]

*Decided December 7, 1964.*

The cause was argued before HENDERSON, C. J., and HAMMOND, PRESCOTT, MARBURY and OPPENHEIMER, JJ.

*William A. Hackney* for the appellant.

*John W. Sause, Jr., Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell, State's Attorney for Baltimore City,* and *Julius A. Romano, Assistant State's Attorney,* on the brief, for the appellee.

HENDERSON, C. J., delivered the opinion of the Court.

The appellant was convicted under a four-count indictment charging buggery, assault with intent to commit buggery, unnatural and perverted practice, and assault and battery. He was

found guilty generally and sentenced to eight years. The facts are unusual. Early in the morning of November 28, 1963, the police heard a woman's screams from the third floor of a vacant building. Upon entering the police found a nude woman, bound hand and foot, extremely cold and highly intoxicated. She had managed to loosen a gag. Her underwear was torn. She could only remember that the appellant (whom she never identified) had dragged her into the building and "had an affair in my rectum." Medical testimony tended to corroborate this, ("a tender anal aperture with multiple fissures of recent origin").

A police sergeant testified he saw the appellant and the prosecutrix, a short while before the screams were heard, attempt to gain admittance at a nearby hotel where the appellant had a room, but they were refused admittance. The appellant did not deny going into the vacant building with prosecutrix, but said she solicited him, and he left her after she had voluntarily disrobed and demanded money. He denied having perpetrated any sexual act, but admitted tying her up to keep her quiet.

Despite the footnote (No. 1) in *Wampler v. Warden,* 231 Md. 639, 641, suggesting that buggery (or sodomy) cannot be committed upon a female, we find the authorities to be otherwise. See 3 Coke, Institutes, 58; Perkins, *Criminal Law,* p. 334; 2 Wharton, *Criminal Law & Procedure* (Anderson ed.), § 751; Clark & Marshall, *Crimes* (6th ed.), § 11.07; Hochheimer, *Criminal Law,* § 49; Bishop, *Criminal Law* (9th ed.), § 1193. Cf. *Canter v. State,* 224 Md. 483. We think the crime of sodomy referred to in Code (1957), Art. 27, sec. 553, is the same crime referred to in the English statute, 25 Hen. 8 ch. 6 (1533), and 5 Eliz. 17 (1562). The word "mankind" in that statute was thought by Coke to include womankind. See also *Connell v. State,* 215 Ind. 318, 19 N. E. 2d 267; *Barton v. State,* 79 Ga. App. 380, 53 S. E. 2d 707; and *Lefavour v. State,* 77 Okla. Cr. 383, 142 P. 2d 1132. While it was noted in *Canter, supra,* that there should be some proof of penetration, we think there was sufficient proof in the instant case.

It is clear that there was sufficient evidence to support the other counts in the indictment. Cf. *Blake v. State,* 210 Md. 462. Under either section 553 or 554 of Art. 27, the maximum pen-

alty is 10 years. The assault was obviously of an aggravated character, for leaving her bound and gagged might have resulted in her death.

*Judgment affirmed.*