486 A.2d 256

**Joseph Anthony DiBARTOLOMEO, Jr.**

**v.**

**STATE of Maryland.**

**No. 451, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

Jan. 10, 1985.

Michael R. Malloy, Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender, Baltimore, on brief), for appellant.

Richard B. Rosenblatt, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, Sandra A. O'Connor, State's Atty., for Baltimore County and Dana O. Williams, Asst. State's Atty. for Baltimore County, Towson, on brief), for appellee.

Argued before GILBERT, C.J., and WILNER and ROSALYN B. BELL, JJ.

WILNER, Judge.

Appellant was convicted in the Circuit Court for Baltimore County of attempted second degree sexual offense and common law assault. At the State's urging, the court invoked Md.Code Ann. art. 27, § 643B(c), concluded that the attempted sexual offense conviction constituted appellant's third conviction of a crime of violence, and thereupon imposed for that offense a sentence of twenty-five years imprisonment without possibility of suspension or parole. A concurrent sentence of eighteen months was imposed for the assault.

In this appeal, appellant complains (1) that the evidence was insufficient to support the convictions, and (2) that the enhanced sentence meted out for the attempted sexual offense was improper because the State failed to prove two prior convictions of a crime of violence within the meaning

of § 643B(a) and (c). We think that the second of his complaints is justified.

## I. *Sufficiency of Evidence*

Appellant's challenge to the sufficiency of evidence supporting his convictions is patently specious in light of the record. The victim's testimony sufficed to establish a forcible attempt by appellant to place his penis in the anus of the victim. The credibility of that testimony was for the trial court, not us, to determine.

## II. *The Sentence*

The jury's verdicts were rendered on October 31, 1983. The court thereupon held the matter of sentencing *sub curia* pending receipt of a presentence investigation report.

On November 18, 1983, the State filed notice that it intended to proceed against appellant as a subsequent offender under § 643B(c). It alleged as the predicate offenses:

> "1/15/70—Robbery and Kidnapping before the Circuit Court for Baltimore County, Case No. 37456, sentenced to three years to the Baltimore County Jail as described by a copy of the true test copy of the docket entry filed in Case No. 37456, attached hereto, and incorporated by reference herein.

> 12/7/72—Sodomy before the District Court for Nueces County, Texas, Case No. 15245, sentenced to two to four years in the Texas Department of Corrections, as described by a copy of the true test copy of the docket entry filed in Case No. 15245, attached hereto, and incorporated by reference herein."

At the sentencing hearing, which took place on March 14, 1984, the allegation of the 1970 offense was supported by a certified copy of the docket entries in Case No. 37456 and a certificate of the custodian of records of the Baltimore County Detention Center. Together, they suffice to establish that appellant was indeed convicted in Baltimore County of robbery (as well as sodomy, assault with intent to rob, and larceny), that on January 15, 1970, he was committed to

the county detention center for three years, and that he actually served a portion of that sentence. Appellant does not contest the validity or use of that judgment as one of the two predicate crimes of violence required by § 643B(c).

The allegation of the 1972 offense was supported by a number of certified documents from Nueces County, Texas, indicating that, apparently as part of a plea agreement, appellant pled guilty to a charge of sodomy and did not deny that the offense was committed when he "picked up 13 yr. old victim and forced him to undress in his [appellant's] car and forced victim to perform unnatural sex acts." Among the documents admitted into evidence at the sentencing hearing were:

(1) A certified copy of the Texas sodomy statute, upon which appellant's conviction rested. That statute, Vernon's Tex.Codes Ann., former Pen.Code, art. 524 (1952), provided:

"Whoever has carnal copulation with a beast, or in an opening of the body, except sexual parts, with another human being, or whoever shall use his mouth on the sexual parts of another human being for the purpose of having carnal copulation or who shall voluntarily permit the use of his own sexual parts in a lewd and lascivious manner by any minor, shall be guilty of sodomy, and upon conviction thereof shall be confined in the penitentiary not less than two (2) nor more than fifteen (15) years."

(2) A criminal information charging appellant with having had "carnal copulation with [the victim], another human being, in an opening of the body of [the victim] which was not a sexual part, to wit: the mouth of [the victim]";

(3) Waivers by appellant of his right to an indictment, a formal arraignment, a jury trial, and the appearance of witnesses; the entry of a plea of guilty which was accepted by the court; and an agreement by appellant to permit the State to proceed by way of affidavit and stipulated proffers of testimony;

(4) An affidavit of one Orlando A. Benavides, of the county sheriff's office, stating that he had good reason to believe and did believe that appellant committed the unlawful act in the manner set forth above, *i.e.,* that he forced the thirteen year old victim to undress and that he then had "carnal copulation" in the victim's mouth; and

(5) The judgment of the court finding appellant guilty of sodomy and sentencing him to prison for two to four years.

The State argued to the circuit court, as it argues to us, that those acts, revealed by those documents, if committed in Maryland, would constitute and support a conviction of second degree sexual offense, that a second degree sexual offense is a crime of violence for purposes of § 643B(c), and that, *ergo,* the Texas sodomy conviction sufficed as a usable crime of violence. The circuit court accepted that argument; we do not.

Section 643B(c) provides, in relevant part, that

"Any person who (1) has been convicted on two separate occasions of a crime of violence where the convictions do not arise from a single incident, and (2) has served at least one term of confinement in a correctional institution as a result of a conviction of a crime of violence, shall be sentenced, on being convicted a third time of a crime of violence, to imprisonment for the term allowed by law, but, in any event, not less than 25 years. Neither the sentence nor any part of it may be suspended, and the person shall not be eligible for parole except in accordance with the provisions of Article 31B, § 11."

The term "crime of violence" is defined in subsection (a): "As used in this section, the term 'crime of violence' means abduction; arson; burglary; daytime housebreaking under § 30(b) of this article; kidnapping; manslaughter, except involuntary manslaughter; mayhem and maiming under §§ 384, 385, and 386 of this article; murder; rape; robbery; robbery with a deadly weapon; sexual offense in the first degree; sexual offense in the second degree; use of a handgun in the commission of a

felony or other crime of violence; an attempt to commit any of the aforesaid offenses; assault with intent to murder and assault with intent to rape."

The State of Maryland, through its criminal law, seems obsessed with "unnatural" sexual conduct. It has deemed such conduct so significant and reprehensible as to require not one, but three proscriptions. There is, first, the common law crime of sodomy—"the same crime referred to in the English statute, 25 Hen. 8 ch 6 (1533), and 5 Eliz. 17 (1562)." *Daniels v. State*, 237 Md. 71, 72, 205 A.2d 295 (1964). It is currently deemed to encompass sexual intercourse by a human with an animal, anal intercourse by a man with another person, fellatio, cunnilingus, and analingus. *See* R. Gilbert and C. Moylan, *Maryland Criminal Law: Practice and Procedure*, § 6.1 (1983), but *compare* R. Perkins, *Criminal Law*, 2d ed., pp. 389–92. It covers most of what was proscribed by the Texas sodomy statute. Common law sodomy is punishable by up to ten years imprisonment. Md.Code Ann. art. 27, § 553.

In 1916, the General Assembly decided that the common law crime of sodomy was not sufficient protection of society. By 1916 Md.Laws, ch. 616, it enacted, as an emergency measure "necessary for the immediate preservation of the public safety," what is now § 554 of art. 27, making it illegal for any person to "[take] into his or her mouth the sexual organ of any other person or animal, or... [place] his or her sexual organ in the mouth of any other person or animal, or ... [commit] any other unnatural or perverted sexual practice with any other person or animal...." The penalty for violating this statute was substantially the same as that imposable for sodomy—ten years in prison.[1]

---

1. The statutory offense also carried a maximum fine of $1,000, but permitted the prison sentence to be served in a jail, in the house of correction, or in the penitentiary. For sodomy, there was a prescribed minimum sentence of one year, which has since been repealed, and any prison sentence was to be served in the penitentiary.

The statutory offense is, of course, the broader one. It expresses, said the Court in *Blake v. State*, 210 Md. 459, 462, 124 A.2d 273 (1956), "a clear legislative intention to cover the whole field of unnatural and perverted sexual practices." *See also Edmonds, McCarthy & Brumfield v. State*, 18 Md.App. 55, 305 A.2d 205, *cert. denied Brumfield v. State*, 269 Md. 756, *Edmonds v. State*, 269 Md. 758, *McCarthy v. State*, 269 Md. 762 (1973). Thus, while it would seem clearly to include acts that would also constitute the crime of sodomy, such as fellatio and anal copulation,[2] it covers other, non-sodomy conduct as well. *See, for example, Edmonds, etc., supra*, involving the penetration of the male victim's anus by a broom handle. It, too, therefore, covers most of what was proscribed by the Texas sodomy law.

Finally, in 1976, as part of a general statute on rape and other sex offenses, the Legislature enacted new sections 464 and 464A to art. 27, making it a criminal offense for a person to engage in certain types of "sexual acts" with another person. 1976 Md.Laws, ch. 573. The term "sexual act," as used in §§ 464 and 464A, is defined in § 461(e) as meaning "cunnilingus, fellatio, analingus, or anal intercourse" but not vaginal intercourse. It also means "the penetration, however slight, by any object into the genital or anal opening of another person's body if the penetration can be reasonably construed as being for the purposes of sexual arousal or gratification or for abuse of either party and if penetration is not for accepted medical purposes."

Section 464 declares a person guilty of a first degree sexual offense and subject to a maximum penalty of life imprisonment if he or she

---

2. *See Rice v. State*, 9 Md.App. 552, 267 A.2d 261, *cert. denied* 259 Md. 735 (1970); and *Winegan v. State*, 10 Md.App. 196, 202, 268 A.2d 585 (1970). *Compare Blake v. State, supra*, 210 Md. at 464, 124 A.2d 273, where, though acknowledging that sodomy "is obviously an unnatural and perverted sexual practice," the Court avoided deciding whether evidence establishing only sodomy sufficed to establish a violation of § 554.

"engages in a sexual act:

(1) With another person by force or threat of force against the will and without the consent of the other person, and:

(i) Employs or displays a dangerous or deadly weapon or an article which the other person reasonably concludes is a dangerous or deadly weapon; or

(ii) Inflicts suffocation, strangulation, disfigurement, or serious physical injury upon the other person or upon anyone else in the course of committing the offense; or

(iii) Threatens or places the victim in fear that the victim or any person known to the victim will be imminently subjected to death, suffocation, strangulation, disfigurement, serious physical injury, or kidnapping; or

(iv) The person commits the offense aided and abetted by one or more other persons."

Section 464A makes it a second degree sexual offense, punishable by up to twenty years in prison, for a person to engage

"in a sexual act with another person:

(1) By force or threat of force against the will and without the consent of the other person; or

(2) Who is mentally defective, mentally incapacitated, or physically helpless, and the person performing the act knows or should reasonably know the other person is mentally defective, mentally incapacitated, or physically helpless; or

(3) Under 14 years of age and the person performing the sexual act is four or more years older than the victim."

As introduced, the bill that became ch. 573 (SB 358) would have repealed §§ 553 (sodomy) and 554 (perverted practices) and left new sections 464 and 464A as the sole proscriptions for this kind of activity between or among human beings.[3]

---

**3.** It may have been intended that bestiality—sexual connection between a human and an animal—would be proscribed by the laws

The Legislature made a conscious decision to leave §§ 553 and 554 intact, however, and thus, by amendment, removed the repealer of those sections from the bill. We noted the obvious in *Gray v. State*, 43 Md.App. 238, 240–41, 403 A.2d 853, *cert. denied* 286 Md. 747 (1979)—that the non-repealer of those sections provided evidence that the Legislature did not intend by its 1976 enactment "to preempt the entire field of criminal sexual activity."

Thus it is that the three offenses overlap. While they are not identical and do not purport to proscribe precisely the same range of conduct, it is the case that certain types of sexual activity may constitute both sodomy and a statutory perverted practice, and, depending upon the circumstances of its commission, may also constitute either a first or second degree sexual offense. The activity revealed by the certified records from Texas is precisely of that type. If, indeed, appellant, an adult, forcibly and without consent placed his penis into the mouth of a thirteen year old child, and that act had occurred in Maryland, he would be guilty of sodomy, an unnatural or perverted practice, and a second degree sexual offense. He could have been charged with and convicted of any one of those offenses and sentenced accordingly.

Section 643B of art. 27 was first enacted in 1975. Initially, it included only what are now subsections (a) and (b), providing a mandatory life sentence upon a fourth conviction of a crime of violence. The term "crime of violence" was defined as "abduction; arson; kidnapping; manslaughter, except involuntary manslaughter; mayhem; murder; rape; and robbery; or an attempt to commit any of these offenses." Neither sodomy nor the statutory crime of unnatural or perverted practice was included as a crime of violence, notwithstanding the presumed and common knowledge that such conduct is often accompanied by force and

---

prohibiting cruelty to animals, although there is no indication that this aspect of sodomy and perverted practice was given much attention by the Legislature.

violence. *See*, again, *Edmonds, McCarthy & Brumfield v. State, supra*, 18 Md.App. 55, 305 A.2d 205.

In 1976, as a complement to ch. 573, the General Assembly, by 1976 Md.Laws, ch. 611, amended § 643B(a) to include sexual offense in the first and second degrees as additional crimes of violence. In 1977, as part of a bill clarifying other provisions of art. 27 in light of ch. 573, it was proposed to amend § 643B(a) to add *third* degree sexual offense, proscribing certain "sexual contact" (§ 464B), as a crime of violence, but the Legislature rejected that attempt. *See* 1977 Md.Laws, ch. 290. It did, however, as part of another comprehensive statute restructuring Patuxent Institution and dealing generally with "aggressive and violent offenders," enact § 643B(c) and add to § 643B(a), as an additional crime of violence, the use of a handgun in the commission of a felony or other crime of violence. *See* 1977 Md.Laws, ch. 678.

This legislative history, of both the sexual offense laws and § 643B, suggests that the General Assembly was very careful in defining a "crime of violence" for purposes of the mandatory enhanced punishment law, and that the omission of sodomy and perverted practice from the list was not inadvertent. That suggestion becomes even more clear and compelling when one considers that the term "crime of violence" is defined as well in § 441 of art. 27, as part of the law regulating the sale of pistols, and that, in that section, it specifically includes sodomy. Section 441(e) as it existed from 1966 to 1982 defined "crime of violence" as

"abduction; arson; burglary, including common-law and all statutory and storehouse forms of burglary offenses; escape; housebreaking; kidnapping; manslaughter, excepting involuntary manslaughter; mayhem; murder; rape; robbery; *and sodomy;* or an attempt to commit any of the aforesaid offenses; or assault with intent to commit any other offense punishable by imprisonment for more than one year." (Emphasis added.)

A simple comparison of § 441(e) and § 643B(a) reveals a close similarity, except for the inclusion in § 441(e) of sodomy, burglary, escape, and assault with intent to commit the listed offenses. In 1972, as part of a comprehensive law on handguns, the Legislature made reference to and adopted the definition set forth in § 441(e) for purposes of creating the crime of using a handgun in the commission of a crime of violence. *See* 1972 Md.Laws, ch. 13; Md.Code Ann. art. 27, § 36B(d). Yet, for purposes of § 643B, it decided to reject the § 441(e) definition in favor of a new definition that differed only in its omission of certain crimes, including sodomy. In 1983, it had another square opportunity to reconsider the matter. By 1983 Md.Laws, ch. 416, the Legislature amended § 441(e) to add first degree sexual offense as a crime of violence (along with sodomy, already in the statute), thus bringing that section in closer parity with § 643B(a), but still it took no step to add sodomy or perverted practice to § 643B(a).

It is evident from this analysis that (1) had appellant done in Maryland in 1972 what he apparently did in Texas, he could have been convicted of either sodomy or perverted practice, but not second degree sexual offense, which was not a crime until 1976, and (2) had he been convicted in Maryland of either sodomy or perverted practice, *before or after 1976*, the conviction could not be used as a predicate crime of violence for purposes of § 643B. Given the caution with which the Legislature crafted § 643B(a), we doubt that it intended to permit a foreign conviction for sodomy to support a mandatory enhanced punishment under § 643B(b) or (c) when it excluded a Maryland sodomy and perverted practice conviction for that purpose.

This is not, as the State suggests, a case governed by *Temoney v. State*, 290 Md. 251, 429 A.2d 1018 (1981). The issue there was whether a conviction for robbery in the District of Columbia sufficed as a conviction of a crime of violence under § 643B. Robbery, of course, *is* one of the enumerated crimes under § 643B(a). The problem was that the crime of robbery is somewhat broader in the District

than it is in Maryland; certain non-violent larcenous acts that would not constitute robbery in Maryland do constitute robbery in the District. Thus, said the Court, in order for the State to use the D.C. conviction, it was necessary to show, by evidence, that the foreign conviction rested on acts that would constitute robbery in Maryland.

That is not the issue here. A comparison of the foreign and domestic offenses and the requirement of evidence to show that the foreign conviction rested on acts that would establish the domestic offense become relevant only when the counterpart domestic offense is itself a crime of violence as defined by the statute. Otherwise, the comparison is between apples and oranges. So long as Maryland retains sodomy as an independent crime, separate from the offenses created in §§ 464 and 464A, *it*, and not those statutory offenses, must be the standard by which a foreign sodomy conviction is judged.

For these reasons, we conclude that the court erred in sentencing appellant under § 643B(c). In light of that conclusion, we need not consider the alternative grounds raised by appellant in attacking that disposition.

JUDGMENT AS TO ASSAULT AND CONVICTION OF ATTEMPTED SECOND DEGREE SEXUAL OFFENSE AFFIRMED; SENTENCE ON ATTEMPTED SEXUAL OFFENSE CONVICTION VACATED; CASE REMANDED TO CIRCUIT COURT FOR BALTIMORE COUNTY FOR RESENTENCING ON ATTEMPTED SEXUAL OFFENSE CONVICTION; COSTS TO BE PAID BY BALTIMORE COUNTY.