J-S31026-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HIPOLITO TORRES JIMENEZ | : | |
| | : | |
| Appellant | : | No. 629 EDA 2022 |

Appeal from the Judgment of Sentence Entered February 14, 2022
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0002514-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HIPOLITO TORRES JIMENEZ | : | |
| | : | |
| Appellant | : | No. 630 EDA 2022 |

Appeal from the Judgment of Sentence Entered February 14, 2022
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0002518-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HIPOLITO TORRES JIMENEZ | : | |
| | : | |
| Appellant | : | No. 631 EDA 2022 |

Appeal from the Judgment of Sentence Entered February 14, 2022
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0002519-2021

BEFORE:   BOWES, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED DECEMBER 13, 2022**

In these consolidated appeals,[1] Appellant Hipolito Torres Jimenez appeals from the judgment of sentence imposed after he pled guilty to possession of drug paraphernalia at trial court docket 2519-2021,[2] possession with intent to deliver a controlled substance at trial court docket 2518-2021,[3] and possession of a controlled substance at trial court docket 2514-2021.[4]  On appeal, Appellant argues that the trial court abused its discretion in calculating his prior record score (PRS).  After review, we vacate the judgment of sentence and remand with instructions.

The trial court summarized the relevant facts and procedural history as follows:

> The underlying facts are not in dispute.  The within cases involve three separate incidents.  The first incident, corresponding with Case No. 2519/2021, occurred on January 12, 2021 at approximately 5:09 a.m.  Allentown Police Officer Theodore Kiskeravage observed a red Nissan entering a roadway without using a turn signal.  Appellant was the passenger of the vehicle.  During a consensual search, police located a partially crushed glass pipe with burnt copper mesh on the passenger side of the

_____

[*] Former Justice specially assigned to the Superior Court.

[1] On May 16, 2022, this Court consolidated the appeals *sua sponte* pursuant to Pa.R.A.P. 513.  Order, 5/16/22.

[2] 35 P.S. § 780-113(a)(32).

[3] 35 P.S. § 780-113(a)(30).

[4] 35 P.S. § 780-113(a)(16).

vehicle. Appellant admitted it was his and that he attempted to crush the glass pipe when the vehicle was stopped.

The second incident, corresponding with Case No. 2514/2021, occurred on February 6, 2021 at 8:06 a.m. At that time, Officer Kayla Paszek of the Allentown Police Department observed a male later identified as Appellant walking and falling over into the street. Officer Paszek believed Appellant was under the influence of a controlled substance. Appellant refused medical help and was taken into custody. During a search incident to arrest, a bundle of heroin was discovered on Appellant's person.

The third incident, corresponding with Case No. 2518/2021, occurred on March 4, 2021 at 12:16 p.m. Allentown Police Detective Walter Oquendo was parked in the 400 Block of Carey Street, Allentown, Lehigh County, Pennsylvania when two males walked past his vehicle and stopped at the back. One of the males pulled out US currency and handed it to the other male, later identified as Appellant, who exchanged the currency for a zip lock bag containing a white powdery substance. Appellant was arrested and determined to be in possession of six small zip lock bags with an unknown white powdery substance, one wax bag, and three bundles containing an unknown white substance later determined to be fentanyl.

\* \* \*

Appellant was arraigned on October 27, 2021. On December 16, 2021, Appellant pled guilty to possession of drug paraphernalia, 35 P.S. § 780-113(a)(32), an ungraded misdemeanor (Case No. 2519/2021), one count of possession with intent to deliver a controlled substance, 35 P.S. § 780-113(a)(30), an ungraded felony (Case No. 2518/2021), and one count of possession of a controlled substance, 35 P.S. § 780-113(a)(16), an ungraded misdemeanor (Case No. 2514/2021). The plea agreement called for all three sentences to be served concurrently and capped the minimum period of incarceration to the standard range. However, there was a question about Appellant's PRS which was deferred until sentencing. A presentence investigation was prepared, and Appellant appeared before the court for sentencing on February 14, 2022.

At the sentencing hearing, the court heard argument on whether Appellant's PRS should be a two or a three. The dispute arose because of a 2009 felony conviction Appellant incurred in Maryland for sodomy, which does not have a Pennsylvania

equivalent. Additionally, in . . . 2020, Maryland's sodomy law was deemed unconstitutional. Appellant's counsel argued that based on that, Appellant's PRS should be calculated as a two. The difference between the two prior record calculations was that a PRS of three put Appellant's standard range [minimum sentence] at twelve to eighteen months, plus or minus six [months], on the possession with intent to deliver charge, which was the only relevant [charge] based on the plea agreement calling for [Appellant to serve the sentences concurrently]. If Appellant's PRS was a two, the standard range [minimum sentence] would be nine to sixteen months, plus or minus six [months].

The court rejected Appellant's assertion that his PRS was a two. Appellant was sentenced to an aggregate total [minimum sentence] of twelve months less two days to [a maximum sentence of] twenty-four months less one day [of incarceration] in Lehigh County Jail, followed by two years of probation. The court expressly noted on the special conditions page of the sentencing sheet that Appellant's PRS was calculated as a three based on 204 Pa. Code § 303.8(d)(2). Nonetheless, Appellant's sentence fell within the standard range of both prior record scores.

Trial Ct. Op., 3/30/22, at 1-4 (formatting altered).

On March 1, 2022, Appellant filed a timely appeal. Both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following issue:

Did the [trial] court commit legal error and/or abuse its discretion by including [Appellant's] out-of-state sodomy conviction in his PRS even though, prior to [Appellant's] commission of the instant offenses, Maryland repealed its sodomy law and sodomy laws were declared unconstitutional by the United States and Pennsylvania Supreme Courts?

Appellant's Brief at 4 (formatting altered).

"It is well-settled that a challenge to the calculation of a [PRS] goes to the discretionary aspects, not legality, of sentencing." ***Commonwealth v. Shreffler***, 249 A.3d 575, 583 (Pa. Super. 2021) (citation omitted).

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." ***Commonwealth v. Derry***, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted). Before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

***Commonwealth v. Corley***, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); ***see also*** Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

Here, the record reflects that Appellant preserved his instant claim at the sentencing hearing. ***See*** N.T., 2/14/22, at 8-27. Additionally, Appellant filed a timely notice of appeal, preserved the issue in his Rule 1925(b) statement, and included a Rule 2119(f) statement in his brief. Further, we conclude that Appellant's sentencing claim raises a substantial question for

our review. **See Shreffler**, 249 A.3d at 584 (concluding that a claim that the trial court miscalculated the PRS raised a substantial question); **see also Commonwealth v. Janda**, 14 A.3d 147, 165 (Pa. Super. 2011) (holding that the improper calculation of a PRS based on an out-of-state offense raises a substantial question). Accordingly, we proceed to the merits of Appellant's claim.

Appellant argues that the trial court should not have included his out-of-state sodomy conviction in the PRS calculation. Appellant's Brief at 13-14. Appellant concedes that he was convicted under the Maryland sodomy statute in 2009. **Id.** at 18. However, Appellant argues that at the time of his 2021 conviction and sentence in the instant case, both Pennsylvania and Maryland had repealed their sodomy laws. Further, Appellant emphasized that the Supreme Court of the United States, and the Pennsylvania Supreme Court determined that the criminalization of sodomy was unconstitutional. **Id.** at 17-19 (citing **Lawrence v. Texas**, 539 U.S. 558 (2003); **Commonwealth v. Bonadio**, 415 A.2d 47 (Pa. 1980)). Accordingly, Appellant concludes that his 2009 Maryland conviction for the crime of sodomy should not be included in his PRS. **See id.** 13-22.

The Commonwealth responds that the trial court did not abuse its discretion when it included the Maryland sodomy conviction in Appellant's PRS. Commonwealth's Brief at 5. Additionally, the Commonwealth asserts that contrary to Appellant's argument, neither the United States Supreme Court nor the Supreme Court of Pennsylvania have specifically declared Maryland's

now-repealed sodomy statute unconstitutional or a nullity for purposes of calculating PRS. *Id.* at 5 (citing *Lawrence*, and *Bonadio*). The Commonwealth concludes that Maryland's repeal of its sodomy statute, which occurred years after Appellant's conviction, did not invalidate the conviction for sodomy, and the conviction was correctly included in Appellant's PRS. *See id.*

Our well-settled standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citation omitted).

For purposes of determining a PRS, prior convictions are defined as follows:

**(a) Prior convictions and adjudications of delinquency.**

(1) A prior conviction means "previously convicted" as defined in 42 Pa.C.S. § 2154(a)(2). A prior adjudication of delinquency means "previously adjudicated delinquent" as defined in 42 Pa.C.S. § 2154(a)(2). In order for an offense to be considered in the [PRS], both the commission of and conviction for the previous offense must occur before the commission of the current offense.

\*   \*   \*

- 7 -

**(f) Out-of-state, federal or foreign offenses.**

(1) An out-of-state, federal or foreign conviction or adjudication of delinquency is scored as a conviction for the current equivalent Pennsylvania offense.

\* \* \*

(3) When there is no current equivalent Pennsylvania offense, determine the current equivalent Pennsylvania grade of the offense based on the maximum sentence permitted, and then apply § 303.8(d)(2).

204 Pa. Code § 303.8(a)(1), (f)(1), (f)(3) (formatting altered).

When calculating a defendant's PRS based on out-of-state convictions, this Court has explained:

[W]hen determining the Pennsylvania equivalent statute for a prior, out-of-state conviction for [PRS] purposes, courts must identify the elements of the foreign conviction and on that basis alone, identify the Pennsylvania statute that is substantially identical in nature and definition to the out-of-state offense. Courts are not tasked with ascertaining the statute under which the defendant would have been convicted if he or she had committed the out-of-state crime in Pennsylvania. Rather, we must compare the elements of the foreign offense in terms of classification of the conduct proscribed, its definition of the offense, and the requirements for culpability to determine the Pennsylvania equivalent offense.

*Commonwealth v. Spenny*, 128 A.3d 234, 250 (Pa. Super. 2015) (citations omitted and some formatting altered); *see also Janda*, 14 A.3d at 166 (vacating an appellant's judgment of sentence and remanding the matter for the trial court to make factual findings because the record contained insufficient information concerning the equivalent Pennsylvania offense for the appellant's out-of-state conviction).

Further, we note that in the Commentary following 204 Pa. Code 303.8(f), the Pennsylvania Commission on Sentencing stated:

> There are two situations where the text of the guidelines is silent, but the Commission believes that prior convictions should not be used in the PRS, even if there is a current equivalent Pennsylvania offense. **Where the prior conviction was for a violation of a statute that has been held to be unconstitutional, that prior conviction should not be counted in the PRS.** Further, where the prior conviction occurred in a foreign jurisdiction where even minimal legal rights are not observed, such a conviction should not be counted in the PRS.

*Sentencing Guidelines Implementation Manual*, (12/28/12, 7th Ed. at 154) (emphasis added).

In *Bonadio*, our Supreme Court affirmed a trial court order finding that Pennsylvania's voluntary deviate sexual intercourse statute, former 18 Pa.C.S. § 3124,[5] was unconstitutional. *Bonadio*, 415 A.2d at 48-49. The *Bonadio* Court held that the statute, which excluded criminal liability for certain sex acts when committed by married adults, as opposed to unmarried individuals, did not serve the state's "proper role . . . in protecting the public from inadvertent offensive displays of sexual behavior, in preventing people from being forced against their will to submit to sexual contact, in protecting minors from being sexually used by adults, and in eliminating cruelty to animals." *Id.* at 49; *see also id.* at 51-52. Subsequently, in *Lawrence*, the Supreme Court

_____

[5] The former statute criminalized: "Sexual intercourse per os or per anus between human beings who are not husband and wife, and any form of sexual intercourse with an animal." 18 Pa.C.S. § 3101.

- 9 -

of the United States held that a Texas statute prohibiting sodomy was unconstitutional on due process grounds insofar as it prohibited private sexual conduct of consenting adults of the same sex. **Lawrence**, 539 U.S. at 578.

In the instant case, the Maryland sodomy statute for which Appellant was convicted in 2009 did not define "sodomy." However, the Maryland sodomy statute was held to encompass "sexual intercourse by a human with an animal, anal intercourse by a man with another person, fellatio, cunnilingus, and analingus." **DiBartolomeo v. State**, 486 A.2d 256, 258 (M.D. App. 1985) (citations omitted).

The trial court addressed the effect of Appellant's out-of-state conviction as follows:

> The prior offense that is relevant to the instant appeal is a conviction for sodomy stemming from Washington County, Maryland. Appellant was sentenced on October 22, 2009 on that charge, and the presentence investigation report identified it as a felony.
>
> > A prior conviction [stemming] from another state court, federal court, or foreign jurisdiction "is scored as a conviction for the current equivalent Pennsylvania offense." 204 Pa. Code § 303.8(f)(1). If there is no current Pennsylvania equivalent, the trial court must base the grading of the crime on the maximum sentence allowed; if the grade of the prior felony conviction is unknown, it must be treated as an F3. 204 Pa. Code § 303.8(d)(2), (f)(3).
>
> [**Spenny**, 128 A.3d at 242].
>
> The then-existing prohibition on sodomy in Maryland stemmed from common law and covered "sexual intercourse by a human with an animal, anal intercourse by a man with another person, fellatio, cunnilingus, and analingus." [**DiBartolomeo**, 486 A.2d at 258]. "A person who is convicted of sodomy is guilty of a felony and is subject to imprisonment not exceeding 10 years." MD Code

- 10 -

Ann., Crim. Law § 3-321 (2020). The crime of sodomy was repealed [in Maryland] in 2020. *Id.* § 3-321 (2020).

Pennsylvania had an equivalent statute prohibiting voluntary deviate sexual intercourse which was in effect in 1973. It defined "deviate sexual intercourse" as "sexual intercourse per os or per anus between human beings who are not husband and wife, and any form of sexual intercourse with an animal." 18 Pa.C.S. § 3101 (1973).

That law was struck down as unconstitutional by the Pennsylvania Supreme Court in 1980. *Commonwealth v. Bonadio*, 415 A.2d 47 (Pa. 1980).

Applying the foregoing to Section 303.8 of the Pennsylvania Administrative Code, this renders Maryland's sodomy statute the equivalent of a Pennsylvania felony of the second degree for purposes of prior record score calculations, which results in two points being included in the total score. 204 Pa. Code § 303.7(a)(3); 18 Pa.C.S. § 106(b)(3). However, both counsel and the court treated the offense as a felony for which only one point would be added if properly included in the calculation.

Appellant's counsel succinctly summarized the argument against including the sodomy conviction as follows:

> You know, Judge, the whole purpose of the prior record score is to make sure to adequately quantify a defendant's prior convictions so that you can impose the proper sentence. And I guess it doesn't make sense to me to, when you have, at the time that these offenses were committed, and those are the guidelines that you have to use, you know, they always go off of when the offense was committed. So at the time this offense was committed, something that he got convicted for in 2009 in Maryland is no longer even a crime in Maryland because of the changes in recognition of what should be criminalized and what shouldn't. That's what doesn't make sense. Then why would we even include if in the prior record score if, like I said, it's not as though it's a crime—it's currently a crime in the other state for which he was convicted, and in Pennsylvania, it's criminal conduct that there's no current equivalent offense for, but maybe it's still conduct that is criminal in Pennsylvania. I know that's not what the statute says, but you know, there's also -- statutes have to be read with some common sense. I think the fact that when he

- 11 -

> committed these offenses not only was sodomy not a crime in Maryland, but it wasn't a crime in Pennsylvania in 2021.

> N.T., 2/14/22, at 21-22.

> The court disagrees with this argument. While it is true that sodomy is no longer a crime in Maryland as of 2020, it was a crime in 2009 when Appellant was convicted. There is not any evidence of record that his conviction was expunged, either by way of a petition or by operation of law after the crime was abolished in 2020. As a result, it still constitutes a conviction for purposes of calculating Appellant's prior record score.

> The argument that Pennsylvania has not criminalized sodomy since 1980 is similarly unavailing. The Pennsylvania Code explicitly contemplates a circumstance where behavior is criminalized in another state but Pennsylvania does not have a current equivalent. In that situation, courts must "determine the current equivalent Pennsylvania grade of the offense based on the maximum sentence permitted." 204 Pa. Code 303.8(f)(3). As explained above, the maximum sentence permitted in 2009 in Maryland for sodomy was ten years, and that equates to [a felony of the second degree] in Pennsylvania.

Trial Ct. Op., 3/30/22, at 6-8 (formatting altered).

Following our review, we conclude that the record contains insufficient information concerning the circumstances of Appellant's Maryland conviction for sodomy. *See Janda*, 14 A.3d at 166. Specifically, there is no information regarding the factual basis for Appellant's conviction or the conduct underlying the charge. *See* N.T., 2/14/22, at 9-10 (revealing that Appellant's counsel addressed the PSI and stated that, although the 2009 Maryland conviction for sodomy is included in the PSI, "there's no indication . . . what actually – what he was actually convicted of"). On this record, there can be no comparison between the Maryland offense and any current or prior Pennsylvania offenses. *See Spenny*, 128 A.3d at 250; *see also* 204 Pa. Code § 303.8(d), (f).

Therefore, because the underlying facts of Appellant's conviction are not part of the record, we conclude that the trial court did not have sufficient information to determine the Pennsylvania equivalent, or if there was a Pennsylvania equivalent, for Appellant's out-of-state conviction. *See Janda*, 14 A.3d at 166.

Further, it is impossible for this Court to discern whether Appellant was convicted for violating a portion of the statute that was held unconstitutional under *Lawrence*, (*i.e.* "anal intercourse by a man with another person") or if the conviction resulted from conduct that remains criminal (*i.e.*, "sexual intercourse by a human with an animal").[6]   If Appellant was convicted for violating a provision of the Maryland sodomy statute that would be unconstitutional under *Lawrence*, then there is support for Appellant's argument that the sodomy conviction should not have been included in Appellant's PRS.  *See Spenny*, 128 A.3d at 250; 204 Pa. Code § 303.8(d), (f); *see also* Sentencing Guidelines Implementation Manual, Commentary at 154 (concerning offenses that have been held to be unconstitutional). However, if Appellant was convicted for conduct that remains criminal,  then there is support for the trial court to include the 2009 Maryland conviction in Appellant's PRS.  *See Spenny*, 128 A.3d at 250; *see also* 204 Pa. Code § 303.8(d), (f).

---

[6] *See DiBartolomeo*, 486 A.2d at 256 (defining common law sodomy); *see also* 18 Pa.C.S. § 3129.

For these reasons, we are constrained to vacate Appellant's judgment of sentence and remand this case to the trial court for further proceedings. *See Janda*, 14 A.3d at 166. On remand, we direct the trial court hold a new sentencing hearing to consider Appellant's 2009 Maryland conviction, to determine whether there was or is an equivalent Pennsylvania crime, and to address whether the Maryland conviction resulted from conduct that *Lawrence* deemed unconstitutional to criminalize in order for the trial court to decide whether Appellant's 2009 sodomy conviction should be included in Appellant's PRS. *See id.*

Judgment of sentence vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/2022